IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Simmons, | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No.   11 C 3546 |
| Icon Equities, LLC, a Nevada limited liability company, and Alpha Recovery Corp., a Colorado corporation, | )<br>)<br>)<br>) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Lisa Simmons, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant resides here and both Defendants transact business here.

## PARTIES

3. Plaintiff, Lisa Simmons ("Simmons"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank credit card.  These collection actions took place despite the fact that she

had told the Defendants that she refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, Icon Equities, LLC ("Icon"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ICON operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Icon was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Icon is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, Alpha Recovery Corp. ("Alpha"), is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Alpha operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Alpha was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant ICON is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendants ICON and Alpha each conduct business in Illinois.

8. Defendant ICON is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Defendants ICON and Alpha each act as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Simmons is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Chase Bank account. At some point in time after that debt became delinquent, Defendant Icon bought Ms. Simmons' Chase Bank debt. When in February, 2011, Defendant Icon began trying to collect this debt from her, by having another debt collector, Zwicker & Associates, demand payment of the Chase debt from Ms. Simmons, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, on March 4, 2010, one of Ms. Simmons' attorneys at LASPD informed Defendant Icon, in writing, through its agent Zwicker, that Ms. Simmons was represented by counsel, and directed Defendant Icon to cease contacting her, and to cease all further collection activities because Ms. Simmons was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

11. Nonetheless, despite being advised that Ms. Simmons was represented by counsel and refused to pay the debt, in February, 2011, Defendant Icon had another debt collector, Affiliated Credit Services demand payment of the Chase debt from her. Accordingly, on March 20, 2011, Ms. Simmons' attorneys at LASPD had to inform Defendant Icon, this time through its agent Affiliated Credit Services, that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Undeterred, despite being twice advised that Ms. Simmons was represented by counsel and refused to pay the debt, Defendant Icon had Defendant Alpha send Ms. Simmons a collection letter, dated April 12, 2011, which demanded payment of the Chase Bank debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on April 14, 2011, Ms. Simmons' attorneys at LASPD had to inform Defendants Icon and Alpha again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters (Exhibits C and D) from Ms. Simmons' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-12.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Simmons was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibits C and D), that Ms. Simmons was represented by counsel, and had demanded a cessation of communications with Ms. Simmons. By directly sending Ms. Simmons a collection letter (Exhibit E), despite being

advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lisa Simmons, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Simmons, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Simmons, demands trial by jury.

Lisa Simmons,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 26, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6